**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CURTIS L. BERRY,** ) | |
|       **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 20-1362-KHV** |
| **AIRXCEL INC.,** ) | |
|       **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

On December 28, 2020, Curtis L. Berry filed suit against Airxcel, Inc. Plaintiff alleges the following claims: age discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Count 1); retaliation for engaging in protected activities in violation of the Equal Protection Clause of the United States Constitution (Count 2); age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 et seq. (Count 3); retaliation in violation of Title VII, the ADEA, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215 et seq., Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 666 et seq. and the First Amendment (Count 4); wrongful discharge because of age and retaliation in violation of Title VII and the ADEA (Count 5); age discrimination in violation of the Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. § 44-1111 et seq. (Count 6); retaliation in violation of the KADEA (Count 7); and wrongful discharge in violation of the KADEA (Count 8). First Amended Complaint (Doc #11) filed March 3, 2021. This matter is before the Court on Defendant's Rule 12(b)(6) Motion To Dismiss Plaintiff's First Amended Complaint (Doc #18) filed March 24, 2021. For reasons stated below, the Court sustains defendant's motion in part.

**Legal Background**

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing his claim with enough factual matter to suggest he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and

fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

Plaintiff's first amended complaint alleges as follows:

Curtis L. Berry is a resident of Sedgwick County, Kansas. Airxcel, Inc. manufactures air conditioners for recreational vehicles ("RVs"). Plaintiff, a 61-year-old, African American male, began work for Airxcel in 1981.

In early March of 2018, Airxcel assigned plaintiff to the position of "inspector" on assembly line three. Plaintiff worked on the assembly line for three weeks. Tim Klock served as plaintiff's supervisor. During this three-week period, plaintiff felt that Klock and his other supervisors (Giresh Venugopal and Kirk Gibson) mistreated him. Klock made "demeaning comments and actions" toward plaintiff, as well as toward two women on the assembly line. Venugopal told plaintiff that even though his family members might need to contact him about serious family issues, he could not carry his phone with him at work. As a result, plaintiff learned of his father's death from a voicemail in an "untimely fashion." Klock, Venugopal and Gibson granted other employees flexibility at work if they had family emergencies.

Plaintiff complained to Human Resources ("HR") about Klock, Venugopal and Gibson but HR did not do anything. Plaintiff claims that Klock was angry that workers on the assembly line listened to plaintiff rather than him.

Numerous employees shared with plaintiff their concerns about unsafe or unlawful practices and asked him to advocate for them with HR. One of plaintiff's supervisors told employees to talk to plaintiff about their concerns because plaintiff would communicate employee

complaints to defendant. Plaintiff would advocate for himself and others about violations of Title VII, OSHA and other state and local regulations or statutes.

In late March of 2018, plaintiff began to work in the warehouse as an Inventory Control and Shipping Quality Improvement Worker. A supervisor told plaintiff that he would be treated better in that position than he was on the assembly line. Danielle Collins, who served as Assistant Manager of the warehouse, was his new supervisor. At his new job, plaintiff had to maintain a tow motor license to operate forklifts. Even so, Collins prevented plaintiff from renewing his tow motor license. Additionally, unlike other similarly situated employees, Collins restricted plaintiff from moving freely around the factory on a forklift.

After starting the new position, plaintiff needed to walk to the IT department to repair his scanner. Plaintiff received permission from Lisa Mitchell, a supervisor who was replacing Collins that day, to do so. On his return to the warehouse, plaintiff walked by assembly line three. Klock approached him in an "intimidating fashion" and put his hand strongly on plaintiff's left shoulder as they walked. Plaintiff told Klock, "This isn't the 1960s. You can't treat people this way." Klock responded by pushing plaintiff into a stack of boxes. After Klock pushed plaintiff, plaintiff showed him an outdated NAACP membership card from his wallet and stated that he would file a complaint. Plaintiff filed a grievance against Klock for using violence against him, but HR blamed plaintiff for leaving the warehouse.

In the late summer of 2018, Airxcel promoted Collins to Senior Manager of the warehouse. Collins continued to treat plaintiff unfairly. Collins monitored plaintiff's movements on camera and restricted his access in the warehouse. Collins limited when plaintiff could use the restroom and drink water. Collins told plaintiff not to talk to other employees and told other employees not to talk to plaintiff, which made him feel isolated.

Over time, plaintiff's employee reviews went down. Defendant denied him raises and gave him more work, and more undesirable work, than it gave others. Plaintiff believed that this was a direct attempt to force him to quit. Plaintiff complained to defendant about Collin's unlawful conduct, saying she relentlessly picked on him in an unfair and discriminatory manner.

Plaintiff reported this mistreatment to the president of Airxcel. HR staff told plaintiff, "You can talk to President Leach about sports such as KU basketball, but don't talk to him about work."

In April of 2020, partly because of COVID-19, Airxcel furloughed plaintiff and hundreds of other employees. On April 13, 2020, plaintiff received a letter stating his layoff was permanent. Plaintiff lost his salary, health insurance and other benefits. In addition, because of defendant's conduct, plaintiff suffered high blood pressure, depression and financial loss.

On May 5, 2020, the Wichita Business Journal reported: "Airxcel fires back up Wichita production plant." The pandemic actually led to growth in the RV sector. On July 17, 2020, a newspaper article stated that the RV industry was surging and that defendant was hiring more than 130 workers in Wichita. In late July of 2020, defendant returned furloughed workers who had not been permanently laid off and the factory regained full capacity. Younger workers, trained by plaintiff, returned to work. Defendant also hired new "young people" for jobs for which plaintiff was qualified.

On September 10, 2020, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC"). Plaintiff alleged that based on various events from March of 2018 through July 1, 2020, defendant discriminated against him on the basis of age and in retaliation for prior complaints in violation of Title VII and the ADEA. On September 30, 2020, the EEOC dismissed

his charge and mailed plaintiff a right-to-sue letter.  On December 10, 2020, the KHRC dismissed his charge and mailed plaintiff a right-to-sue letter.

On December 28, 2020, plaintiff filed suit.  As noted, plaintiff asserts the following claims: age discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Count 1); retaliation for engaging in protected activities in violation of the Equal Protection Clause of the United States Constitution (Count 2); age discrimination in violation of the ADEA (Count 3); retaliation in violation of Title VII, the ADEA, the FLSA, OSHA and the First Amendment (Count 4); wrongful discharge as a result of age and retaliation in violation of Title VII and the ADEA (Count 5); age discrimination in violation of the KADEA (Count 6); retaliation in violation of the KADEA (Count 7); and wrongful discharge in violation of the KADEA (Count 8).

## Analysis

Defendant argues that the Court should dismiss plaintiff's entire complaint for failure to state a claim upon which relief may be granted.  The Court considers each claim in turn.

**I.     Equal Protection Clause Claims (Counts 1 and 2)**

Plaintiff alleges that defendant deprived him of rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution because it created and enforced policies which discriminate against older employees and established an official policy, practice or custom of reckless or deliberate indifference to the rights of employees.  Defendant argues that the Court should dismiss plaintiff's claims under the Equal Protection Clause because it is not a state actor.

The Equal Protection Clause states that "[n]o State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; [n]or shall any State

deprive any person of life, liberty, or property without due process of law." U.S. Const. amends. XIV. Plaintiff's amended complaint does not allege that defendant was a state actor. Likewise, in his opposition memorandum, plaintiff has not explained how defendant could be liable for a constitutional violation. The Court, therefore, dismisses Counts 1 and 2 for failure to state a claim upon which relief can be granted.

## II.      Age Discrimination Claims (Counts 3 and 6)

Plaintiff alleges that defendant discriminated against him on the basis of age in violation of the ADEA and KADEA by firing him and failing to re-hire him. Defendant argues that plaintiff has failed to state a claim because he has not alleged facts to support a prima facie case of age discrimination. Age discrimination claims under the KADEA are evaluated using the same criteria used to evaluate claims under its federal counterpart, the ADEA. Linnebur v. United Tel. Ass'n, Inc., No. 10-1379-RDR, 2013 WL 3815865, at *3 (D. Kan. July 22, 2013).

The ADEA prohibits employers from discriminating on the basis of age. 29 U.S.C. § 623. To state a claim under the ADEA, plaintiff must show that "age was a but-for cause" of the termination of his employment. Gross v. FBL Fin. Servs., 557 U.S. 167, 177–78 (2009). If plaintiff relies on indirect evidence of discrimination under the McDonnell-Douglas framework, he must initially establish a prima facie claim of age discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff may do so by showing that (1) he is a member of the class of individuals over 40 years of age; (2) he was performing satisfactory work; (3) defendant terminated his employment; and (4) defendant replaced him with a younger person, although not necessarily one less than 40 years of age. Adamson v. Multi Cmty. Diversified Servs., Inc., 514 F.3d 1136, 1146 (10th Cir. 2008). These "elements of a prima facie case under the McDonnell-Douglas framework are neither rigid nor mechanistic, [and] their purpose is the establishment of

an initial inference of unlawful discrimination warranting a presumption of liability in plaintiff's favor." Frappied v. Affinity Gaming Black Hawk, LLC, 966 F.3d 1038, 1056 (10th Cir. 2020) (quoting Adamson, 514 F.3d at 1146). To survive a Rule 12(b)(6) motion, the complaint need not establish a prima facie case of discrimination but must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) (quoting Iqbal, 556 U.S. at 679); see Bekkem v. Wilkie, 915 F.3d 1258, 1274 (10th Cir. 2019).

Defendant argues that plaintiff has not alleged sufficient facts to establish the fourth element of a prima facie case—that defendant replaced him with a younger person, although not necessarily one less than 40 years of age. Adamson, 514 F.3d at 1146. Defendant argues that to satisfy that element, plaintiff must allege that it permitted only furloughed employees under the age of 40 to return to their positions.

Plaintiff alleges that (1) he was 61 years of age when defendant terminated his employment; (2) shortly after the furloughs in April of 2020, defendant called back furloughed workers but terminated plaintiff's employment; and (3) shortly after defendant called back furloughed workers, it hired new employees who were younger than plaintiff for jobs that plaintiff was qualified to perform. First Amended Complaint (Doc. #11), ¶¶ 13–15. Accepting these allegations as true, plaintiff has set forth sufficient factual detail to make it plausible that defendant replaced him with a younger person, which is sufficient to establish the fourth element of a prima facie case for his termination based on age discrimination. Accordingly, the Court overrules defendant's motion to dismiss Counts 3 and 6 of age discrimination based on termination of employment.

Plaintiff also alleges that because of his age, defendant never re-hired him for positions for which he was qualified. Defendant alleges that plaintiff never suffered adverse employment action because plaintiff never expressed an interest in returning to work. In the failure-to-hire context, to establish a prima facie case, plaintiff must show that (1) he belongs to a protected class; (2) that he applied for and was qualified for a job for which defendant was seeking applicants; (3) that despite being qualified, plaintiff was rejected; and (4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000). Plaintiff's complaint does not assert any facts that he expressed a willingness to return to work, nor does it allege that he applied for any available job postings. Accordingly, the Court sustains defendant's motion to dismiss plaintiff's age discrimination claims based on defendant's failure to rehire him.

## III.     Retaliation Claims (Counts 4 and 7)

Plaintiff alleges that because he complained about age discrimination and other violations of law, defendant terminated his employment in violation of Title VII, the ADEA, the KADEA, the FLSA and OSHA.[1] Defendant first argues that plaintiff has failed to state a claim because he did not exhaust administrative remedies under Title VII, the ADEA and the KADEA.[2] Defendant

---

[1] Plaintiff also brings a First Amendment retaliation claim against defendant. The First Amendment generally prohibits government officials from dismissing or demoting an employee because the employee engaged in constitutionally protected political activity. Heffernan v. City of Paterson, N.J., 136 S. Ct. 1412, 1416 (2016). The limitation only prohibits the government from prohibiting speech; the protection does not apply to private sector employers or their employees. Id. Therefore, for the reasons stated in Section I, as plaintiff does not allege state action, the Court dismisses the First Amendment retaliation claim under Count 4.

[2] Defendant does not seek to dismiss plaintiff's retaliation claims under the FLSA or OSHA based on failure to exhaust.

specifically argues that plaintiff's Charge of Discrimination does not refer to each discrete incident of retaliatory treatment which plaintiff alleges in his complaint. Defendant also claims that plaintiff's retaliation claims are legally deficient under Rule 12(b)(6), Fed. R. Civ. P.

    A.    <u>Failure to Exhaust</u>

ADEA and KADEA retaliation claims are analogous to retaliation claims brought under Title VII. <u>Furnco Constr. Corp. v. Waters</u>, 438 U.S. 567, 576 (1978). A plaintiff may not normally bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter. <u>Lincoln v. BNSF Ry. Co.</u>, 900 F.3d 1166, 1181 (10th Cir. 2018). A plaintiff's failure to file an EEOC charge regarding a discrete employment incident permits the employer to raise an affirmative defense of failure to exhaust. <u>Id.</u> at 1185. Exhaustion serves the important purpose of granting employers notice of discrimination claims brought against them and providing the EEOC an opportunity to conciliate the claims. <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 109 (2002); see <u>Gad v. Kan. State Univ.</u>, 787 F.3d 1032, 1040 (10th Cir. 2015).

Plaintiff filed charges of discrimination with both the EEOC and the KHRC. The charges included allegations of harassment by his new supervisor, including specific instances of mistreatment and a rough time frame of when they occurred. Plaintiff's allegations notified defendant of the challenged conduct, the identity of those taking actions against him, and an approximate period during which the violations occurred. See <u>Gunnell v. Utah Valley State Coll.</u>, 152 F.3d 1253, 1260 (10th Cir. 1998) (allegation which identifies type of retaliation complained of, retaliators and approximate period, though sparse, minimally sufficient to satisfy content and notice requirements). The charge provided the necessary information for the agencies to conduct a reasonable investigation and placed defendant on notice of all underlying events in the complaint.

See Strohm v. United States, No. 06-4139-SAC, 2007 WL 3120704, at *4 (D. Kan. Oct. 24, 2007). Plaintiff sufficiently exhausted administrative remedies under Title VII, the ADEA and the KADEA.

B.  Sufficiency of Retaliation Claims

Defendant argues that even if plaintiff exhausted administrative remedies, he still fails to state a claim for retaliation under Title VII, the ADEA, the KADEA, the FLSA and OSHA. Title VII makes it unlawful for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a).  Plaintiff can establish retaliation either with direct evidence of retaliation or indirectly by relying on the three-part McDonnell-Douglas framework. McDonnell Douglas Corp., 411 U.S. at 792; Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 998–99 (10th Cir. 2011).  Plaintiff does not dispute that he relies on the McDonnell-Douglas framework.  Under this framework, plaintiff must initially establish a prima facie case of retaliation.  To do so under Title VII, plaintiff must show that "(1) he engaged in protected opposition to discrimination; (2) a reasonable employee would have found the challenged action materially adverse; and (3) that a causal connection existed between the protected activity and the materially adverse action." Khalik, 671 F.3d at 1192–93 (quoting Twigg, 659 F.3d at 998).

Retaliation claims under both the FLSA and OSHA are also analyzed using the three-pronged McDonnell-Douglas framework.  To prevail on an FLSA retaliation claim, plaintiff must establish a prima facie case by demonstrating that (1) he engaged in protected activity under the FLSA; (2) he suffered an adverse employment action contemporaneous with or subsequent to the protected activity; and (3) a causal connection exists between the protected activity and the adverse employment action.  Pacheco v. Whiting Farms, Inc., 365 F.3d 1199, 1206 (10th Cir. 2004).

Similarly, to prevail on an OSHA whistleblower retaliation claim, plaintiff must allege that (1) a reasonably prudent person would have concluded that defendant violated the rules on public health and safety; (2) plaintiff reported the violation and defendant knew of his reporting before discharging him; and (3) defendant discharged him in retaliation for making the report. Grabbe v. Quest Diagnostics Inc., No. 08-2281-JAR/GLR, 2010 WL 11627479, at *15 (D. Kan. May 14, 2010). Although plaintiff has no burden to come forward with evidence at this stage of the case, the elements of the prima facie case provide a useful framework for evaluating whether plaintiff has sufficiently alleged a claim of retaliation. See Vaughn v. Epworth Villa, 537 F.3d 1147, 1151 (10th Cir. 2008).

Defendant specifically argues that plaintiff fails to sufficiently plead that he engaged in protected opposition under Title VII, the ADEA, the KADEA, the FLSA and OSHA. Plaintiff alleges that he clearly stated a claim for retaliation as he "frequently advocated for himself and other employees who were being treated in an unlawful [manner] by the company." Plaintiff's Memorandum In Opposition to Defendant Airxcel, Inc.'s Rule 12(b)(6) Motion To Dismiss First Amended Complaint (Doc #27) at 6.

When evaluating plaintiff's complaint, the court accepts all well-pleaded facts as true. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984); see also Iqbal, 556 U.S. at 678. The same is not true for conclusory allegations. See Khalik, 671 F.3d at 1191. Plaintiff's general assertions of discrimination and retaliation, without details of events leading up to his termination, are insufficient to survive a motion to dismiss. Id. at 1193; see also Blough v. Rural Elec. Coop, Inc., 689 F. App'x 583, 588 (10th Cir. 2017) (unadorned, the-defendant-unlawfully-harmed-me accusations insufficient under Iqbal).

Plaintiff has stated nothing more than conclusory allegations. Plaintiff does not identify dates when he reported harassment, identify those on whose behalf he advocated, or cite complaints about specific unlawful employment practices under Title VII, the ADEA or the KADEA, or violations of the FLSA or OSHA. It is not enough to say he merely "complain[ed] about violations of Title VII, OSHA, and other state and local regulations or statutes." First Amended Complaint (Doc #11), ¶ 17. References to discrimination, or retaliation without reference to the time frame and circumstances of the complaints, are insufficient to support a retaliation claim. See Anderson v. Acad. Sch. Dist. 20, 122 F. App'x 912, 916 (10th Cir. 2004). Plaintiff also fails to adequately plead causation between a protected activity and a materially adverse employment action. This claim does not suffice under Iqbal and Twombly.

Courts apply the same analysis to retaliation claims brought under Title VII and the ADEA and KADEA. Therefore, plaintiff's age retaliation claims do not suffice under Iqbal and Twombly. See Whitten v. Farmland Indus., Inc., 759 F. Supp. 1522, 1531 (D. Kan. 1991). Plaintiff also alleges no more than conclusory statements under the FLSA or OSHA. Plaintiff does not plead any facts suggesting a participation in FLSA activity, nor does he plead anything more than vague "violations of law" under OSHA.

Accordingly, the Court sustains defendant's motion to dismiss Counts 4 and 7 under Title VII, the ADEA, the KADEA, the FLSA and OSHA for failure to state a claim upon which relief can be granted.

### IV.     Wrongful Discharge Claims (Counts 5 and 8)

Plaintiff brings retaliation-based common law claims of wrongful discharge in violation of Kansas public policy. Plaintiff bases his common law claims on the same facts that form the basis of his retaliation claims. Title VII, the ADEA and the KADEA all provide an adequate remedy

for plaintiff to pursue his retaliation claims in this matter. Daniels v. United Parcel Serv., Inc., 797 F. Supp. 2d 1163, 1197 (D. Kan. 2011); see generally Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1175 (10th Cir. 1998). Courts preclude common law claims when similar claims are brought under Title VII, the ADEA and the KADEA. See id. Therefore, the Court dismisses Counts 5 and 8 for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendant's 12(b)(6) Motion To Dismiss Plaintiff's First Amended Complaint (Doc #18) filed March 24, 2021 is **SUSTAINED** in part. The Court dismisses plaintiff's equal protection claims (Counts 1 and 2), age discrimination claims based on failure to rehire (parts of Counts 3 and 6), wrongful discharge claims (Counts 5 and 8) and retaliation claims (Counts 4 and 7) against defendant for failure to state a claim on which relief can be granted. Defendant's motion is otherwise **OVERRULED**.

Plaintiff's age discrimination claims based on termination of employment (Counts 3 and 6) remain.

Dated this 20th day of September, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
